UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONYA TIMMON,

        Plaintiff,                    Case No. 2:17-cv-11035
                                         District Judge Laurie J. Michelson
v.                                           Magistrate Judge Anthony P. Patti

INVEST INSELF, L.L.C. and
COEN MCGARITY,

        Defendants.
_____/

## INTERIM ORDER REGARDING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, IMPOSE SANCTIONS AND AWARD ATTORNEY FEES (DE 17) AND REGARDING SHOW CAUSE ORDER (DE 33)

On September 7, 2017, Judge Michelson referred this case to me to conduct a settlement conference, which was noticed for January 10, 2018. (DEs 13-15.) On that date, the parties appeared with their counsel, actively participated in the settlement conference, and a resolution was reached and placed on the record, which required consideration to be exchanged by January 31, 2018. I accordingly set the deadline for submission of a proposed order of dismissal with prejudice for February 15, 2018. (*See* DE 28 (Sealed Transcript).)

Among the motions currently pending before the Court is Plaintiff's February 1, 2018 motion to enforce settlement agreement, impose sanctions and

award attorney fees (DE 17), regarding which responses and a reply have been filed (DEs 26, 27, 31).

Judge Michelson referred this motion to me for hearing and determination (DE 18), and I noticed a hearing for March 13, 2018 (DE 20).  On February 23, 2018, defense counsel served the notice of hearing, as well as other matters (including her motion to withdraw as counsel), upon Defendant McGarity at two different addresses.  (DE 27 at 8, DE 29 at 1.)  In addition, defense counsel served a copy of Plaintiff's motion to enforce upon McGarity at two different addresses.  (DE 30.)  On March 1, 2018, defense counsel served a copy of Plaintiff's reply upon McGarity at two different addresses.  (DE 32.)

On March 13, 2018, counsel for the parties appeared, but Defendant McGarity did not.  At that time, I made several findings, each of which is reflected in my order of the same date.  I also required Defendant McGarity to appear and show cause on March 22, 2018.  (*See* DE 33.)  Plaintiff filed a supplemental brief on March 14, 2018.  (DE 34.)  On March 17, 2018, defense counsel served Defendant McGarity at two different addresses with copies of the Court's order and Plaintiff's supplemental brief.  (DE 36.)  Based on Defendant McGarity's March 20, 2018 letter (DE 37), the Court renoticed the hearing for April 19, 2018.

On the date set for hearing, attorney Teresa J. Gorman appeared on behalf of Plaintiff and Defendant Coen McGarity himself appeared.  The Court considered

Defendant McGarity's answers to each of the five questions set forth in the show cause order (DE 33 at 3), and finds that he has not shown cause as to any of those questions, except for the question of contempt, for which the Court finds that he has shown cause. In accordance with my statements from the bench, all of which are incorporated herein by reference, Plaintiff's February 1, 2017 motion to enforce settlement agreement, impose sanctions and award attorney fees (DE 17) is **HELD IN ABEYANCE**, subject to the following directives:

1. **No later than 5:00 p.m. on Friday, April 20, 2018**, Defendant McGarity **SHALL** execute the written settlement agreement previously agreed to between counsel of record, on behalf of himself and his limited liability company, and make payment in the amount of $7,500 in accordance with the January 10, 2018 settlement agreement ($4,000.00 to Plaintiff and $3,500.00 to her counsel). (*See* DE 28 at 4).[1]

2. In addition to the attorney fee amount agreed to in the settlement agreement, as reflected in paragraph 1 above (and in addition to any sanctions which may be awarded), Defendants **SHALL** compensate Plaintiff's counsel for her efforts connected with enforcement of the settlement agreement (which included filing sundry motion papers and three court appearances) in the discounted amount of **$3,000.00**, which represents 10 hours (instead of the 16 hours actually expended) at an hourly rate of $300.00.

3. Sanctions will be recommended as follows, in addition to the amounts to be paid under the settlement agreement and in addition to any amount awarded against Defendants as attorney fees: (a) If execution and

---

[1] The terms of the settlement were described on the record at the conclusion of the settlement conference as confidential, and thus the transcript has been sealed; however, counsel for both sides have readily discussed the payment terms and deadlines in their respective motion papers (see, *e.g.*, DE 27 at 2), which were publicly filed, and thus the Court no longer considers these terms to be subject to confidentiality, particularly in the context of trying to enforce the agreement.

3

payment do not occur in accordance with the deadline established in paragraph 1 above, sanctions in the amount of **$1000.00**; (b) If execution and payment, as described in paragraph 1 above, do not occur by **5:00 p.m. on Thursday, April 26, 2018**, the sanction amount will be increased to **$2500.00**. These sanctions are not connected to Defendants' payment of Plaintiff's attorney fees addressed in paragraph 2 above, the deadline for which will be established by subsequent order.

4. If any of the above conditions are not met by **5:00 p.m. on Thursday, April 26, 2018 (or by any other deadlines established by subsequent court order)**, then the Court will enter an appropriate report and recommendation to grant Plaintiff's motion (DE 17) and to address and incorporate any unfulfilled terms contained within this order into a judgment against Defendants and in favor of Plaintiff.

Plaintiff's counsel shall keep the Court apprised of Defendants' compliance or non-compliance with the foregoing conditions by electronically filing related affidavits or declarations in CM/ECF, including any agreement reached by the parties outside of this order (which should be submitted by a stipulated order and/or judgment). Plaintiff's motion (DE 17) will remain in abeyance until such time as the conditions contained in this order are met, the aforementioned report and recommendation is entered, and/or the case is otherwise terminated.

**IT IS SO ORDERED.**

Dated: April 20, 2018                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 20, 2018, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti